**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHANGYI "JOHNNY" CHEN, M.D., PH.D.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. _____** |
| **BAYLOR COLLEGE OF MEDICINE** | § § § | |
| **Defendant.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1331, 1367, 1441 and 1446, Defendant Baylor College of Medicine ("Defendant" or "BCM") hereby removes and file this Notice of Removal of the above-captioned action to this Court. In support of this Notice, Defendant provides this "short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). The grounds for removal are set forth below.

**I.
CLAIMS ASSERTED IN THE PETITION**

1.      On March 31, 2026, Plaintiff filed Plaintiff's Original Petition (the "Petition") in the 189th Judicial District Court of Harris County, Texas, Cause No. 2026-21669 (the "State Court Action"). *See* Ex. C-1.[1]

2.      Because the State Court Action involved substantially related parties and claims to a case Plaintiff filed in July 2022 against BCM, which was dismissed on summary judgment on January 24, 2025, on April 6, 2026, the Administrative Judge of the Civil Trial Division

---

[1]      In accordance with LR81.5, an index of all matters being filed is attached hereto as **Exhibit A**.  The state court docket sheet is attached hereto as **Exhibit B**.  True and correct copies of all process, pleadings, and orders served on or by Defendants in the State Court Action are attached hereto as **Exhibit C**.  A list of counsel is attached as **Exhibit D**.  A copy of the Notice to State Court of Filing Of Notice of Removal is attached as **Exhibit E**.

transferred the State Court Action to the 269th Judicial District Court of Harris County, Texas, pursuant to Local Rule 3.2.2. of the Rules of the Civil Trial Division, Harris County District Courts.

3.      Defendant was served with a copy of the Petition in the State Court Action on April 28, 2026. Therefore, the deadline for filing a notice of removal for BCM is May 28, 2026. Accordingly, this Notice of Removal is timely.

4.      Plaintiff's Petition asserts causes of action arising out of his employment with BCM alleging race discrimination, national origin discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Chapter 21 of the Texas Labor Code ("Chapter 21"). Ex. C-1 at ¶¶36-59. Plaintiff's Petition also includes a litany of actions that were the subject of the 2022 lawsuit and were ultimately dismissed on summary judgment in January 2025, *see* Ex. C-1 at ¶¶26-27, as well as a single allegation from 2025. *See*, *e.g.*, Ex. C-1 at ¶¶21, 27-29.

5.      The Petition contains a jury demand.  *See generally* Ex. C-1 at ¶68.

## II.
## COMPLIANCE WITH STATUTORY REQUIREMENTS

6.      Pursuant to 28 U.S.C. §1446(a), a copy of the State Court Action docket and all pleadings, motions, and orders in the State Court Action are attached hereto as Exhibits B and C.

7.      This Removal Notice is timely and within the thirty-day period provided under 28 U.S.C. §1446(b).

8.      This Removal Notice is properly filed in this District because Harris County, Texas lies within the geographical boundaries of the United States District Court for the Southern District of Texas.  *See* 28 U.S.C. §1441(a); 28 U.S.C. §98(b).

9. Aside from BCM, no other defendant has been joined or served with the Complaint filed in the State Court Action, and no other consent is required to remove this State Court Action. *See* 28 U.S.C. §1446(b)(2).

10. Promptly after filing this Notice, Defendant will serve this Notice on Plaintiff's counsel of record in the State Court Action and file a copy of this Notice with the Clerk of the Court in the State Court Action, as required by 28 U.S.C. §1446(d). A copy of the Notice of Filing of Notice of Removal is attached to this Notice of Removal as Exhibit E.

11. Accordingly, the above-captioned action may properly be removed to this United States District Court pursuant to 28 U.S.C. §1441(a).

**III.**
**SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331**
**(FEDERAL QUESTION)**

12. Removal is proper under 28 U.S.C. §§1331 and 1441 based on federal question jurisdiction because on its face, the Petition affirmatively asserts Title VII as a federal statutory basis for recovery. Federal question jurisdiction exists under 28 U.S.C. §1331 "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (internal quotation omitted). Under the well-pleaded complaint rule, a claim arises under federal law when the plaintiff's statement of his own cause of action shows that it is based upon federal law or the Constitution. *Gilbert v. Donahoe*, 751 F.3d 303, 311 (5th Cir. 2014).

13. Specifically, Plaintiff's Petition unequivocally states his allegations that (a) Defendant took adverse action against him (*see*, *e.g.*, Ex. C-1 at ¶¶21, 27-29, 34), which (b) violated federal law, namely Title VII. *See*, *e.g.*, Ex. C-1 at ¶¶40-43, 48-51, 56-59.[2]

---

[2]     Plaintiff also asserts a right to "recover reasonable and necessary attorney's fees by statute," including 42 U.S.C. §2000e-5(k). *See* Ex. C-1 at §63.

14.     Plaintiff's affirmative assertion of these specific federal statutory causes of action under Title VII removes any doubt that Plaintiff's request for relief depends on resolution of questions under federal law. *See, e.g.*, 42 U.S.C. §2000e-5(f)(3) (Title VII's jurisdictional provision, giving federal courts "jurisdiction [over] actions brought under this subchapter"); *Rosas v. Univ. of Tex. at San Antonio*, 793 F. App'x 267, 269-70 (5th Cir. 2019) (discussing court's federal question jurisdiction over federal law-based claims, including claims brought under Title VII). Given the claims presented in the Petition as they existed at the time of removal, Plaintiff's invocation of Title VII is adequate to support this Court's federal question jurisdiction.

15.     In addition, the Court has supplemental jurisdiction over the remainder of Plaintiff's claims because, to the extent they arise from the same operative facts, they "form part of the same case or controversy" as the predominant federal causes of action asserted.  28 U.S.C. §1367(a); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other  words, that they 'derive from a common nucleus of operative fact.'") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

16.     Specifically, Plaintiff frames his causes of action for race and national origin discrimination, as well as his claims for retaliation, as arising under both federal law (Title VII) and Chapter 21, basing each on the same factual allegations. *See* C-1 at ¶¶8-59. By pleading the federal and Chapter 21 claims side-by-side and incorporating "by reference all of the facts set forth above," Plaintiff makes clear these claims are coextensive and derive from a common nucleus of operative fact. *See id*.

17.     Thus, to the extent Plaintiff has stated both state and federal claims for discrimination based on alleged race and national origin, and state and federal claims based on alleged retaliation, which claims are predicated on a common nucleus of operative facts, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. *See e.g., Lyon v. Kroger Co.*, Civ. No. 4:16-cv-00489, 2016 WL 6211736, at *1 (E.D. Tex. Sept. 20, 2016), *report and recommendation adopted by*, 2016 WL 6159446 (E.D. Tex. Oct. 24, 2016) (noting that the court had supplemental jurisdiction over plaintiff's Chapter 21 claims as relating to plaintiff's Title VII claims).

## IV.
## VENUE IS PROPER FOR REMOVAL

18.     Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§1391(b) and 124(b)(2) for the purpose of removal because the Houston Division includes Harris County, where the State Court Action is pending.

## V.
## NO WAIVER OF RIGHTS

19.     By filing this Notice of Removal, Defendant expressly reserves, and does not waive, any and all claims or defenses that may be available to it. Defendant does not concede, in any way, that the allegations in the Petition are accurate, that Defendant committed any of the violations alleged, that Plaintiff has asserted any claims upon which relief can be granted or that any recovery or relief is authorized or appropriate, or that Plaintiff has properly served Defendant with process due under state and federal law. Upon removal, Defendant will respond separately to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

**VI.**
**CONCLUSION**

**WHEREFORE**, Defendant Baylor College of Medicine respectfully removes this action

from the 269th Judicial District Court of Harris County, Texas to this United States District Court

for the Southern District of Texas.

Dated:  May 15, 2026                                                Respectfully submitted,

*/s/ Katherine E. Flanagan*
Katherine E. Flanagan (*attorney in charge*)
State Bar No. 00788945
kflanagan@littler.com
Nathan Prihoda
State Bar No. 24068070
Federal ID No. 2724081
nprihoda@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 15, 2026, a true and correct copy of the foregoing was filed using the Court's ECF system and was served via certified mail, return receipt requested, as follows:

Melissa Moore
Curt Hesse
MOORE & ASSOCIATES
440 Louisiana Street, Suite 110
Houston, Texas 77002
melissa@mooreandassociates.net
curt@mooreandassociates.net

ATTORNEYS FOR PLAINTIFF

*/s/ Nathan Prihoda*
Nathan Prihoda