# Exhibit C

3/31/2026 5:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113105392
By: Yasmin Creag
Filed: 3/31/2026 5:26 PM

No. _____

| | | |
|---|---|---|
| CHANGYI "JOHNNY" CHEN, M.D., PH.D., | § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § § | _____ DISTRICT COURT HARRIS COUNTY, TEXAS |
| BAYLOR COLLEGE OF MEDICINE, | § § § | |
| *Defendant*. | § § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Changyi "Johnny" Chen, M.D., Ph.D. (referred to as "Chen") files this original petition against Defendant Baylor College of Medicine (referred to as "BCM") and alleges as follows:

### I. Discovery Control Plan

1. Chen intends that discovery be conducted under Level 2 of Rule 190 and affirmatively pleads that this suit is not governed by the expedited-actions process in Rule 169 because he seeks monetary relief over $250,000. *See*, Tex. R. Civ. P. 169(a), 190 cmt. 2, 190.3.

### II. Relief

2. Chen seeks monetary relief over $1,000,000. *See*, Tex. R. Civ. P. 47(c)(4).

Certified Document Number: 125912379 - Page 1 of 16

### III. Parties

3.      Plaintiff Changyi "Johnny" Chen, M.D., Ph.D is an individual who resides in Harris County, Texas.

4.      Defendant Baylor College of Medicine is a Texas nonprofit corporation that resides in Harris County, Texas and that may be served with process by serving its registered agent:

> James Banfield
> One Baylor Plaza, Suite 106A
> Houston, Texas 77030

Alternatively, if the registered agent of BCM cannot with reasonable diligence be found at its registered office, BCM may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code § 5.251; Tex. Civ. Prac. & Rem. Code § 17.026.

### IV. Jurisdiction

5.      The Court has subject-matter jurisdiction over this lawsuit because the damages Chen seeks are within the jurisdictional limits of this Court.

6.      The Court has personal jurisdiction over BCM because it resides in Texas.

### V. Venue

7.      Venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to Chen's claims occurred in Harris County, Texas. *See*, Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

– 2 –

Certified Document Number: 125912379 - Page 2 of 16

## VI. Facts

8.　Chen is a tenured professor in BCM's Department of Surgery; he has worked at BCM since 2002.

9.　For years—up to and including the present—BCM has discriminated against Chen because of his race (Asian) and because of his national origin (Chinese).

10.　The discrimination has taken many forms, including the reduction of Chen's pay and rescinding his appointments to: (1) the Molecular Surgery Endowed Chair, (2) Vice Chair of Research, (3) Chief of Division of Surgical Research and (4) Director of the Michael E. DeBakey Department of Surgery Basic Science and Transitional Lab.

11.　In fact, Chen's treatment got worse—not better—after he complained about his discriminatory treatment.

12.　The discrimination began in 2012, during an interview with Dr. Todd Rosengart.

13.　During the interview, Dr. Rosengart did not want to speak to Chen because he was Chinese.

14.　Later that same year, Dr. Rosengart in fact removed Chen from a leadership position because he spoke English with a Chinese accent.

– 3 –

15. During faculty meetings, Dr. Rosengart also prevented Chen from speaking because of his Chinese accent and, for related reasons, refused to let him present his reach at BCM's annual Research Day Symposium or at the Grand Round in the Department of Surgery.

16. Dr. Rosengart also took lab space away from Chen and/or preferred non-Asians and non-Chinese nationals when assigning office space.

17. Additionally, Dr. Rosengart reduced Chen's salary, despite his many research accomplishments, several times.

18. In 2016, Chen's pay was reduced from $260,000 to $237,000.

19. The next year, Chen's pay was reduced from $237,000 to $187,000.

20. The next year, my pay was reduced from $187,000 to $150,000.

21. In 2025, Chen's pay was reduced by an additional fifty percent (50%).

22. Chen was also deprived of other sums to which he is entitled.

23. Dr. Rosengart wanted to remove Chen's endowed chair title and endowment fund and has deprived Chen of his right to access and manage the endowed chair income for more than 8 years, even though non-Asians and non-Chinese nationals in similar positions are permitted to do so.

24. Other Asians and Chinese nationals (for example, Dr. Peter Lin) have similarly been discriminated by Dr. Rosengart and BCM; many of them were ultimately

Certified Document Number: 125912379 - Page 4 of 16

forced to leave due to an unsupportive work environment and discrimination in the workplace.

25. After Chen complained about the discrimination, it continued—in fact, it got worse.

26. For that reason, Chen filed a charge of discrimination with the EEOC and, eventually, a lawsuit.

27. The lawsuit ultimately concluded on June 24, 2025.

28. In keeping with BCM's discriminatory and retaliatory behavior, the discrimination again got worse after he complained about it and pursued legal action.

29. For example, Chen's most recent pay cut was effective just one week after the lawsuit concluded.

30. Chen's wife, who is also a BCM faculty member, also had her pay reduced by half at the same time as Chen's pay was reduced.

31. To justify the reductions to Chen's salary, Dr. Rosengart and BCM rely in part on a "fake" policy that Dr. Rosengart created to serve as pretext for his discriminatory conduct towards Chen and other Chinese faculty members.

32. Under the policy, non-clinical research faculty are required to cover at least half of their salary from external sources (primarily research grants awarded by

Certified Document Number: 125912379 - Page 5 of 16

– 5 –

governmental agencies like the Department of Veteran Affairs and the National Institutes of Health).

33.    The policy, though, disparately—in fact, *exclusively*—impacts Chines faculty members, and Rosengart admitted that under oath.

34.    Recent funding cuts to the National Institutes of Health are exacerbating the problem

35.    Chen has been discriminated against because of his race (Asian) and his national origin (Chinese), and he has been retaliated against because he engaged in protected activity (complaining about race and national origin discrimination).

### VII. Count One—Race Discrimination in Violation of
### Tex. Labor Code § 21.051

36.    Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

37.    "An employer commits an unlawful employment practice if because of race[] … the employer[] … discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]" Tex. Labor Code § 21.051(1).

38.    Among other things, BCM reduced Chen's pay because of his race (Asian).

Certified Document Number: 125912379 - Page 6 of 16

39.    As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## VIII. Count Two—Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964

40.    Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

41.    An employer commits an unlawful employment practice if it "fail[s] or refuse[s] to hire or discharge[s] any individual, or otherwise … discriminate[s] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S.C. § 2000e-2(a)(1).

42.    Among other things, BCM reduced Chen's pay because of his race (Asian).

43.    As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Certified Document Number: 125912379 - Page 7 of 16

## IX. Count Three—National Origin Discrimination in Violation of
## Tex. Labor Code § 21.051

44.    Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

45.    "An employer commits an unlawful employment practice if because of … national origin[] … the employer[] … discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]" Tex. Labor Code § 21.051(1).

46.    Among other things, BCM reduced Chen's pay because of his national origin (Chinese).

47.    As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## X. Count Four—National Origin Discrimination in Violation of
## Title VII of the Civil Rights Act of 1964

48.    Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

49.    An employer commits an unlawful employment practice if it "fail[s] or refuse[s] to hire or discharge[s] any individual, or otherwise … discriminate[s] against

– 8 –

Certified Document Number: 125912379 - Page 8 of 16

any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's … national origin[.]" 42 U.S.C. § 2000e-2(a)(1).

50.    Among other things, BCM reduced Chen's pay because of his national origin (Chinese).

51.    As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses

### XI. Count Five—Retaliation in Violation of Tex. Labor Code § 21.055

52.    Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

53.    "An employer commits an unlawful employment practice if the employer[] … retaliates or discriminates against a person who[] … (1) makes or opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, participates in any manner in an investigation, proceeding, or hearing." Tex. Labor Code § 21.055.

54.    BCM retaliated against Chen by making further reductions in his pay and by, among other things, taking away lab space because he: (1) complained about BCM's

– 9 –

discriminatory practices; (2) filed a charge of discrimination with the EEOC and (3) filed a lawsuit against BCM for its unlawful conduct.

55.     As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

### XII. Count Six—Retaliation in Violation of Title VII of the Civil Rights Act of 1964

56.     Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58

57.     An employer commits an unlawful employment practice if it "discriminate[s] against any of his employees or applicants for employment … because he [or she] has opposed any practice made an unlawful employment practice by [Title VII], or because he [or she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

58.     BCM retaliated against Chen by making further reductions in his pay and by, among other things, taking away lab space because he: (1) complained about BCM's

Certified Document Number: 125912379 - Page 10 of 16

discriminatory practices; (2) filed a charge of discrimination with the EEOC and (3) filed a lawsuit against BCM for its unlawful conduct.

59.    As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## XIII. Exemplary Damages

60.    Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

61.    BCM engaged in unlawful discrimination and retaliation with malice and with reckless indifference to Chen's rights; the Court should therefore award exemplary damages against BCM in an amount appropriate to deter similar future misconduct.

## XIV. Attorney's Fees

62.    Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

63.    Chen is entitled to recover reasonable and necessary attorney's fees by statute. *See*, Tex. Labor Code § 21.259, 42 U.S.C. § 2000e-5(k).

64.    Chen has retained the professional services of the undersigned attorneys.

Certified Document Number: 125912379 - Page 11 of 16

65. Chen has complied with the conditions precedent to recovering attorney's fees.

66. Chen has incurred or may incur attorney's fees in bringing this lawsuit.

67. The attorney's fees incurred or that may be incurred by Chen were or will be reasonable and necessary.

## XV. Jury Demand

68. Chen demands a trial by jury on all issues triable to a jury and tender the appropriate fee. Tex. R. Civ. P. 216.

## XVI. Administrative Prerequisites

69. On December 22, 2025, Chen filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission. *See*, 40 Tex. Admin. Code § 819.71; *see also*, *Vielma v. Eureka Co.*, 218 F.3d 458, 461 (5th Cir. 2001).

70. On January 20, 2026, Chen received a notice of right to sue from the Equal Employment Opportunity Commission.

71. Chen brought this action within 90 days of receiving the notice of right to sue

72. On January 30, 2026, Chen received a notice of the right to file a civil action from the Texas Workforce Commission.

73. Chen brought this action within 60 days of receiving the notice of the right to file a civil action.

74. Chen has exhausted all administrative prerequisites to bringing this action.

## XVII. Conditions Precedent

75. All conditions precedent to Chen's claim(s) for relief have been performed or have occurred. *See*, Tex. R. Civ. P. 54.

## XVIII. Objection to Associate Judge

76. Chen objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## XIX. Request for Record

77. In accordance with Tex. Gov't Code § 52.046(a), Chen requests that an official court reporter:

    a. attend all sessions of the court;

    b. take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

    c. take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

    d. preserve the notes for future reference for three years from the date on which they were taken; and

Certified Document Number: 125912379 - Page 13 of 16

    e.  furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by Tex. Gov't Code ch. 52.

78.    Chen objects to any proceedings in this case being conducted without an official court reporter.

## XX. Prayer

79.    For these reasons, Chen asks that the Court issue citation for BCM to appear and answer, and that he be awarded a judgment against BCM for the following:

    a.  direct or general damages;

    b.  back pay, plus prejudgment interest as provided by law, from the date of the adverse employment action until the date of judgment;

    c.  an award of the present value of front pay due to him for a reasonable period following the date of the judgment, calculated as of the date of judgment;

    d.  additional compensatory damages in an amount within the jurisdiction of this court;

    e.  exemplary damages against BCM in a sum determined by the trier of fact;

    f.  all pre-judgment and post-judgment interest allowed by law;

    g.  attorney's fees;

    h.  court costs; and

    i.  all other relief to which Chen is entitled.

Certified Document Number: 125912379 - Page 14 of 16

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas  77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 125912379 - Page 15 of 16

– 15 –

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melissa Moore on behalf of Curt Hesse
Bar No. 24065414
melissa@mooreandassociates.net
Envelope ID: 113105392
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 4/1/2026 8:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Anabelle Rodriguez | | anabelle@ecf.courtdrive.com | 3/31/2026 5:26:48 PM | NOT SENT |
| Melissa AnnMoore | | melissa@ecf.courtdrive.com | 3/31/2026 5:26:48 PM | NOT SENT |
| Curt ChristopherHesse | | curt@ecf.courtdrive.com | 3/31/2026 5:26:48 PM | NOT SENT |
| Mariangela Gamez | | mariangela@ecf.courtdrive.com | 3/31/2026 5:26:48 PM | NOT SENT |

Certified Document Number: 125912379 - Page 16 of 16



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 15, 2026

Certified Document Number:        125912379 Total Pages:  16

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

3/31/2026 5:26:48 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 113105392
By: CREAG, YASMIN N
Filed: 3/31/2026 5:26:48 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____     CURRENT COURT: _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition _____

**FILE DATE:** 03/31/2026 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**: Baylor College of Medicine _____

Address of Service: One Baylor Plaza, Suite 106A _____

City, State & Zip: Houston, Texas 77030 _____

Agent (if applicable) James Banfield _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- ☒ **Citation**    ☐ **Citation by Posting**    ☐ **Citation by Publication**    ☐ **Citations Rule 106 Service**
- ☐ **Citation Scire Facias**    Newspaper_____
- ☐ **Temporary Restraining Order**    ☐ **Precept**    ☐ **Notice**
- ☐ **Protective Order**
- ☐ **Secretary of State Citation ($12.00)**    ☐ **Capias** (not by E-Issuance)    ☐ **Attachment** (not by E-Issuance)
- ☐ **Certiorari**    ☐ **Highway Commission/Texas Department of Transportation ($12.00)**
- ☐ **Commissioner of Insurance ($12.00)**    ☐ **Hague Convention ($16.00)**    ☐ **Garnishment**
- ☐ **Habeas Corpus** (not by E-Issuance)    ☐ **Injunction**    ☐ **Sequestration**
- ☐ **Subpoena**
- ☐ **Other (Please Describe)** _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP (phone)** _____    ☒ **E-Issuance by District Clerk**
- ☐ **MAIL to attorney   at:** _____         **(No Service Copy Fees Charged)**
- ☐ **CONSTABLE**                *Note*: The email registered with EfileTexas.gov must be
- ☐ **CERTIFIED MAIL by CONSTABLE**          used to retrieve the E-issuance Service Documents.
- ☐ **CERTIFIED MAIL by DISTRICT CLERK**      Visit www.hcdistrictclerk.com for more instructions.

- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- ☐ **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: ___Curt Hesse___ Bar # or ID ___24065414___

Mailing Address: 440 Louisiana St. Ste 1110, Houston, Tx 77002

Phone Number: 713-222-6775 _____



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 15, 2026

Certified Document Number:        125912380 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Filed 26 April 08 A10:43
Marilyn Burgess - District Clerk
Harris County

Cause No. 202621669

CHEN, CHANGYI  "JOHNNY" (M D) (PH D)                    IN THE DISTRICT COURTS OF

V.                                                      HARRIS COUNTY, TEXAS

BAYLOR COLLEGE OF MEDICINE                             189 JUDICIAL DISTRICT

TRANSFER ORDER

It is ORDERED that the Harris County District Clerk transfer  the above styled and numbered cause from the 189 District Court to the 269 District Court.

SIGNED Monday, April 06, 2026

_____
HON. Rabeea Collier
ADMINISTRATIVE JUDGE
CIVIL TRIAL DIVISION


Attraction Cause Number 202241407

CHEN, CHANGYI "JOHNNY" (M D)(PH D)

v.

BAYLOR COLLEGE OF MEDICINE

File Court 269

JUDGMENT DATE: 1/27/2025          JUDGMENT TYPE: FINAL SUMMARY
                                  JUDGMENT SIGNED

CASE TYPE: DISCRIMINATION

Certified Document Number: 126024548 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 15, 2026

Certified Document Number:        126024548 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

5/1/2026 10:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 114362375
By: Nathalie Bityeki
Filed: 5/1/2026 10:04 AM

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of HARRIS**                    **269th Judicial District Court**

Case Number: 202621669

Plaintiff:
**CHEN, CHANGYI "JOHNNY" (M D) (PH D)**

vs.

Defendant:
**BAYLOR COLLEGE OF MEDICINE**

Received these papers on the 28th day of April, 2026 at 9:12 am to be served on **BAYLOR COLLEGE OF MEDICINE (A TEXAS NONPROFIT CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT JAMES BANFIELD, ONE BAYLOR PLAZA, SUITE 106A, HOUSTON, HARRIS County, TX 77030.**

I, Todd Pannell, PSC2127, EXP 7/31/26, being duly sworn, depose and say that on the **28th day of April, 2026** at **3:00 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION** with the date and hour of service endorsed thereon by me, to: **Melissa Cordova** as **Senior VP and General Counsel** at the address of: **One Baylor Plaza, Houston, Harris County, TX 77030** on behalf of **BAYLOR COLLEGE OF MEDICINE (A TEXAS NONPROFIT CORPORATION),** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above cause, and am an Approved Process Server, in good standing, per T.R.C.P. Rule 103.

Subscribed and Sworn to before me on the 29th day of April, 2026 by the affiant who is personally known to me.

NOTARY PUBLIC

**Todd Pannell, PSC2127, EXP 7/31/26**
Process Server

Our Job Serial Number: PLP-2026000303
Ref: 202621669

SHELLIE FLORES
Notary Public, State of Texas
Comm. Expires 12-11-2029
Notary ID 129746453

Certified Document Number: 126446346 - Page 1 of 4

Receipt Number: 1062078

EML

Tracking Number: 74634246

**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202621669

| | |
|---|---|
| PLAINTIFF: CHEN, CHANGYI  "JOHNNY" (M D) (PH D) | In the 269th Judicial |
| vs. | District Court of |
| DEFENDANT: BAYLOR COLLEGE OF MEDICINE | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: BAYLOR COLLEGE OF MEDICINE (A TEXAS NONPROFIT CORPORATION) MAY BE SERVED THROUGH

ITS REGISTERED AGENT JAMES BANFIELD

ONE BAYLOR PLAZA SUITE 106A

HOUSTON TX 77030

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on March 31, 2026, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 8, 2026.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: YASMIN CREAG

Issued at request of:
HESSE, CURT C
440 LOUISIANA ST STE 1110
HOUSTON, TX  77002-1761
713-222-6775
Bar Number: 24065414

Certified Document Number: 126446346 - Page 2 of 4

Tracking Number: 74634246

CAUSE NUMBER: 202621669

| | |
|---|---|
| PLAINTIFF: CHEN, CHANGYI "JOHNNY" (M D) (PH D) | In the 269th |
| vs. | Judicial District Court |
| DEFENDANT: BAYLOR COLLEGE OF MEDICINE | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.

Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____
_____ of _____

County, Texas

_____    By: _____
Affiant                                          Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
Notary Public

Certified Document Number: 126446346 - Page 3 of 4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melissa Moore on behalf of Melissa Moore
Bar No. 24013189
melissa@mooreandassociates.net
Envelope ID: 114362375
Filing Code Description: No Fee Documents
Filing Description: Return of Service
Status as of 5/1/2026 11:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Melissa AnnMoore | | melissa@ecf.courtdrive.com | 5/1/2026 10:04:55 AM | SENT |
| Curt ChristopherHesse | | curt@ecf.courtdrive.com | 5/1/2026 10:04:55 AM | SENT |
| Mariangela Gamez | | mariangela@ecf.courtdrive.com | 5/1/2026 10:04:55 AM | SENT |
| Anabelle Rodriguez | | anabelle@ecf.courtdrive.com | 5/1/2026 10:04:55 AM | SENT |

Certified Document Number: 126446346 - Page 4 of 4



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 15, 2026

Certified Document Number:        126446346 Total Pages:  4

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**