**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHANGYI "JOHNNY" CHEN, M.D., PH.D.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-03908** |
| | § | |
| **BAYLOR COLLEGE OF MEDICINE** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(6)**

Plaintiff Changyi "Johnny" Chen, M.D., Ph.D. ("Chen") is a current employee of Baylor College of Medicine ("BCM") and has been employed by BCM since 2002. Chen sued BCM in Texas state court in 2022 alleging a variety of employment discrimination and retaliation claims. Those claims were dismissed with prejudice in January 2025 when the state court granted BCM's motion for complete summary judgment. Chen appealed that judgment but then dismissed his appeal before the briefing deadline. Chen is now suing BCM again, alleging discrimination and retaliation based on the same events for which he sued in 2022.[1] For all of the reasons described below, Chen does not get a do-over of his 2022 case and BCM is entitled to dismissal of Chen's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.
## NATURE AND STAGE OF THE PROCEEDINGS

On July 11, 2022, Chen filed suit against BCM in the 269th Judicial District Court of Harris County Texas (the "2022 Lawsuit"), asserting claims under Chapter 21 of the Texas

[1] Chen alleges one new allegation based on a pay decrease at some point after the dismissal of his 2022 lawsuit. *See* Doc. 1-3 at ¶¶27-28. To the extent Chen relies on that allegation to state a claim not barred by preclusion, it is nevertheless insufficiently pleaded, fails to state a claim, and should be dismissed, as described below.

Labor Code for race discrimination, national origin discrimination, and retaliation.[2] Specifically, Chen alleged in the 2022 Lawsuit that BCM discriminated against him "for years" because of his race and national origin, including by reducing his pay between 2016 and 2018 and be rescinding various titles and appointments.[3] After more than two years of litigation in state court, BCM moved for summary judgment on October 7, 2024.[4] Judge Cory Don Sepolio granted BCM's summary judgment motion in full and dismissed the 2022 Lawsuit with prejudice.[5] Chen appealed the judgment but then voluntarily dismissed his appeal before filing a brief.[6]

Now, just nine months after dismissing his appeal, Chen again filed suit against BCM in Texas state court on March 31, 2026 ("the 2026 Lawsuit").[7] In the 2026 Lawsuit, Chen again alleges discrimination on the basis of race and national origin and retaliation, in violation of Chapter 21 of the Texas Labor Code ("Chapter 21") and this time also alleges the same discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII").[8] In lockstep with his factual allegations in the 2022 Lawsuit, Chen again asserts that BCM discriminated against him "for years" because of his race and national origin, including by reducing his pay between 2016 and 2018 and be rescinding various titles and appointments.[9]

---

2 *See* **Exhibit 1**, Original Petition filed by Chen in the 2022 Lawsuit.

3 Ex. 1 at ¶¶9, 12-18.

4 **Exhibit 2**, Defendant's Motion for Summary Judgment.

5 *See* **Exhibit 3**, Order Granting Defendant's Motion for Summary Judgment (signed January 24, 2025); **Exhibit 4**, Order Granting Defendant's Motion for Summary Judgment (signed January 27, 2025).

6 These facts appear on the record under case no. 01-25-00131-CV in the First Court of Appeals in Houston, Texas. The Court may take judicial notice of such facts pursuant to Federal Rule of Evidence 201(b) (courts may judicially notice facts generally known within their territorial jurisdiction or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned).

7 The 2026 Lawsuit was initially docketed in the 189th Judicial District Court of Harris County, Texas. However, because it involved the same parties and claims as the 2022 Lawsuit, the Administrative Judge of the Civil Trial Division transferred the 2026 Lawsuit to the 269th Judicial District Court of Harris County, Texas, on April 6, 2026, pursuant to Local Rule 3.2.2. of the Rules of the Civil Trial Division, Harris County District Courts. *See* Doc. No. 1-3 at 21.

8 *See generally* Doc. No 1-3at ¶¶40-43, 48-51, 56-59.

9 Ex. 1 at ¶¶9, 12-18.

Chen served BCM with process on April 28, 2026.[10] On May 15, 2026, BCM timely removed the matter to this Court on federal question grounds.[11] Pursuant to Federal Rule of Civil Procedure 81(c)(2), this motion is timely filed.

## II. <u>ISSUES TO BE RULED ON BY THE COURT</u>

A. Whether the Court lacks jurisdiction over claims in the 2026 Lawsuit that were dismissed with prejudice in the 2022 Lawsuit; and

B. Whether the Court should dismiss Chen's claims for failure to state a claim where his pleadings demonstrate he failed to timely exhaust administrative remedies and failed to timely file suit and serve BCM with process as required by law.

## III. <u>LEGAL STANDARD</u>

A case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Subject matter jurisdiction involves a court's power to hear a case and therefore it cannot be forfeited or waived. *See Arbough v. Y&H Corp*., 546 U.S. 500, 514 (2006). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim v. pcOrder.com, Inc*., 402 F.3d 489, 494 (5th Cir. 2005) (citation and internal quotation marks omitted). A Rule 12(b)(1) motion is not limited to the content of the plaintiff's complaint and a court may properly consider documents attached by the defendant. *See, e.g., Williamson v. Tucker*, 645 F.2d 404, 413(5th Cir. 1981) (holding that a court may dismiss a complaint for lack

---

[10] Doc. No. 1-3 at 23.

[11] *See generally* Doc. No. 1.

of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.); *State of Ala. Ex rel. Baxley v. Woody*, 473 F.2d 10, 12 (5th Cir. 1973) (When determining issues of subject matter jurisdiction, the courts "may consider outside matter attached to a motion to dismiss without first converting it into a motion for summary judgment."). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* The plaintiff continuously bears the burden of proof that jurisdiction exists. *Id*. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

Rule 12(b)(6) provides for dismissal of a plaintiff's complaint when the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). But, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has just alleged—and not "shown"—that the plaintiff is entitled to relief, and dismissal of the complaint is appropriate. *Id.* at 1950; see also FED. R. CIV. P. 8(a)(2).

## III.
## ARGUMENT AND AUTHORITIES

### 1. The Judgment in the 2022 Lawsuit Has Res Judicata Effect and Deprives the Court of Jurisdiction over Nearly All of the Claims Raised in the 2026 Lawsuit.

To the extent Chen's claims in the 2026 Lawsuit are based on the same dispute the parties litigated in the 2022 Lawsuit—and most are—those claims are barred by the doctrine of res judicata. The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir.2005), *cert. denied*, 547 U.S. 1055 (2006). Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). The doctrine of issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.* at 748-749. The effect of both doctrines, and the doctrine of res judicata more broadly, "preclude[s] parties from contesting matter that they have had a full and fair opportunity to litigate" and protects against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154 (1979). The Fifth Circuit affirms dismissal on the basis of either doctrine. *See In re Intelogic Trace, Inc.*, 200 F.3d 382, 390-91 (5th Cir. 2000) (citing *In re Southmark*, 163 F.3d 925, 935 (5th Cir. 1999)). Here, both true res judicata and issue preclusion operate to bar Chen's attempt to relitigate the very same factual or legal claims that were dismissed with prejudice by the state court in the 2022 Lawsuit.

a. <u>True Res Judicata or Claim Preclusion Bars These Claims.</u>

The test for true res judicata or claim preclusion has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Singh*, 428 F.3d at 571. All four elements are present here. First, the parties are identical—Chen, as he was in the 2022 Lawsuit, stands as Plaintiff, and Chen once again sues BCM for alleged discrimination (based on race and national origin) and retaliation.[12] Second, Chen cannot seriously question that the state court that decided the 2022 Lawsuit is a court of competent jurisdiction. As to the third element (although Chen glosses over it in the 2026 Lawsuit),[13] there is no question that a prior judgment was rendered against Chen in the 2022 Lawsuit,[14] and that judgment remains valid and entitled to full faith and credit. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

With respect to the fourth element, the critical issue is whether the two actions are based on the "same nucleus of operative facts." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 96 (5th Cir. 2004); *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004). Put another way, "[i]f a party can only win the [second] suit by convincing the court that the prior judgment was in error, the second suit is barred." *New York Life. Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000). Here, Chen makes <u>the exact same factual claims</u> that he did in support of the claims that were dismissed, with prejudice, in the 2022 Lawsuit. Specifically, Chen bases his causes of action on the following factual allegations:

1. He is currently a tenured professor and has been employed at BCM since 2002;[15]

---

12 *Compare* Ex. 1 and Doc. No 1-3.

13 Doc. No 1-3at ¶27 ("The lawsuit ultimately concluded on June 24, 2025.").

14 Ex. 3, Ex. 4.

15 *Compare* Ex. 1 at ¶8 *and* Doc. No 1-3at ¶8.

2. He claims "BCM has discriminated against [him] because of his race (Asian) and because of his national origin (Chinese);"[16]

3. He alleges discrimination in many forms, "including the reduction of [his] pay and rescinding his appointments" four identical positions (without specifying when he claims these actions were taken);[17]

4. The alleged "discrimination began in 2012, during an interview with Todd Rosengart," whom he alleges did not want to speak with him "because he was Chinese" and whom he accuses of removing him from a leadership position because "he spoke English with a Chinese accent;"[18]

5. Rosengart purportedly "prevented Chen from speaking because of his Chinese accent, and, for related reasons, refused to let him present his reach [*sic*] at BCM's annual Research Day Symposium or at the Grand Round in the Department of Surgery;"[19]

6. Rosengart allegedly "took lab space away from Chen and/or preferred non-Asians and non-Chinese nationals when assigning office space;"[20]

7. Rosengart allegedly reduced Chen's salary "several times," including reductions from "$260,000 in 2016 to $150,000 in 2018" and has otherwise "deprived him of other [unidentified] sums to which he is entitled;"[21]

8. Rosengart "wanted to remove Chen's endowed chair title and endowment fund and has deprived Chen of his right to access and managed the endowed chair income for more than 8 years, even though non-Asians and non-Chinese nationals in similar positions are permitted to do so;"[22]

9. Rosengart and BCM similarly discriminated against "[o]ther Asians and Chinese nationals," many of whom Chen alleges "were ultimately forced to leave due to an unsupportive work environment" and alleged workplace discrimination;[23]

10. Chen allegedly complained about discrimination, after which the purported discrimination "continued" and "got worse;"[24]

---

16 *Compare* Ex. 1 at ¶9 *and* Doc. No 1-3at ¶9.

17 *Compare* Ex. 1 at ¶10 *and* Doc. No 1-3at ¶10.

18 *Compare* Ex. 1 at ¶¶12-13 *and* Doc. No 1-3at ¶¶12-13.

19 *Compare* Ex. 1 at ¶15 *and* Doc. No 1-3 at ¶15. Notably, the same typographical error—apparently substituting "reach" for "research" appears verbatim in the pleadings in both the 2022 Lawsuit and the 2026 Lawsuit.

20 *Compare* Ex. 1 at ¶16 *and* Doc. No 1-3 at ¶16.

21 *Compare* Ex. 1 at ¶17 *and* Doc. No 1-3 at ¶¶17-20, 22.

22 *Compare* Ex. 1 at ¶18 *and* Doc. No 1-3 at ¶23.

23 *Compare* Ex. 1 at ¶19 *and* Doc. No 1-3 at ¶24.

24 *Compare* Ex. 1 at ¶¶11, 20 *and* Doc. No 1-3 at ¶¶11, 25.

> 11. Chen concludes he was allegedly discriminated against by BCM "because of his race (Asian) and his national origin (Chinese), and he has been retaliated against because he engaged in protected activity (complaining about race and national origin discrimination)."[25]

As established above, the claims raised in the 2026 Lawsuit are re-raised versions (nearly verbatim) of the factual claims raised in the 2022 Lawsuit. Because Chen's claims of discrimination and retaliation in the 2022 Lawsuit were based on these same factual allegations, the summary judgment and dismissal with prejudice of these claims in the 2022 Lawsuit bars Chen from relitigating them here. *See JPMorgan Chase Bank, N.A. v. Shatteen*, No. 4:12-cv-579, 2013 WL 607837, at *2 (E.D.Tex. Feb. 19, 2013) ("[T]the summary judgment on all of defendant's claims in the prior action, which resulted in dismissal of the prior action with prejudice, bars defendant's counterclaims under res judicata.").

b. <u>Collateral Estoppel or Issue Preclusion Similarly Bars Chen's Claims.</u>

Additionally, all claims Chen asserts in the 2026 Lawsuit that were raised, and subsequently dismissed with prejudice, in the 2022 Lawsuit are barred by collateral estoppel, and the Court lacks subject matter jurisdiction over those claims. "Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). Collateral estoppel "is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts." *Id.* (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)). Collateral estoppel precludes a litigant from retrying issues in federal court after such claims

---

[25] *Compare* Ex. 1 at ¶21 *and* Doc. No 1-3 at ¶35.

were litigated in state courts: "[f]ederal courts are not designed to serve as additional appellate reviewers of State Court judgments." *Reimer v. Smith*, 663 F.2d 1316, 1325 (5th Cir. 1981) (citation omitted). As a result, a state court judgment may bar the re-litigation in the federal courts of an issue previously decided by the state court. *Id.* at 1326.

Here, nearly all of Chen's claims in the 2026 Lawsuit are barred by the final judgment entered by the state court in the 2022 Lawsuit, dismissing with prejudice all claims of race and national origin discrimination and retaliation Chen could have raised in that prior lawsuit. As discussed above, in the 2022 Lawsuit, Chen alleged that BCM unlawfully discriminated against him and retaliated against him based on allegations of pay reductions between 2016 and 2018, an alleged loss of titles and endowed positions, and other alleged adverse employment actions taken against him by BCM.[26] All of these claims were dismissed with prejudice.[27] Nonetheless, Chen asserts the very same claims against BCM in the 2026 Lawsuit. There is no reason for this Court to permit Chen a second opportunity to litigate these claims in federal court. They should all be dismissed with prejudice pursuant to Rule 12(b)(1).

**2. Chen Fails to State a Claim on which Relief May Be Granted.**

a. Because Res Judicata and Collateral Estoppel Bar Any Claim in this Lawsuit that Could Have Been Raised in the 2022 Lawsuit, Dismissal also is Warranted Under Rule 12(b)(6).

Should the Court determine it may exercise jurisdiction over the factual and legal claims that Chen raised in the 2022 Lawsuit and re-raises here, those claims nonetheless must be dismissed because the res judicata effect of the order dismissing them with prejudice bars him from relitigating them.[28] As discussed at length above, the parties to the 2022 Lawsuit and the

26 Ex. 1 at ¶¶8-33 .

27 *See* Ex. 3, Ex. 4.

28 "In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citing *Louisiana ex rel. Guste v. United States*, 656 F.Supp.

2026 Lawsuit are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions; as such, res judicata bars the claims. *See Singh*, 428 F.3d at 571. Similarly, Chen is precluded from relitigating these issues by the doctrine of collateral estoppel, because "(1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Id.* at 570. Accordingly, BCM also is entitled to dismissal of these claims with prejudice under Rule 12(b)(6).

b. Chen Failed to Properly Exhaust his Claims, Which Are Now Time-Barred.

Based on Chen's own pleadings, all of Chen's claims in this action appear to be barred by his failure to timely exhaust administrative remedies. In order to timely exhaust his administrative remedies, federal law required Chen to file a Charge within 300 days of the date each allegedly unlawful employment practice occurred. *See* 42 U.S.C. §2000e-5(e)(1). Here, Chen states that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 22, 2025.[29] As such, events occurring before February 25, 2025, 300 days before he filed his charge, are time-barred under Title VII. *See id.*; *see also Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998) ("[A] [T]itle VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged.") (emphasis added). Similarly, under Chapter 21, Chen was required to file his complaints with the Texas Workforce Commission within 180 days after each allegedly unlawful employment

1310, 1314 n.6 (W.D. La. 1986), *aff'd*, 832 F.2d 935 (5th Cir. 1987), *cert. denied*, 485 U.S. 1033. As such, considering the order from the 2022 Lawsuit does not convert this motion into one for summary judgment under Rule 56.

[29] Doc. No 1-3 at ¶69.

practice. TEX. LAB. CODE §21.202(a). Thus, any event that occurred before June 25, 2025, would be time-barred under Chapter 21. *See Id.*; *see also Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991) (complaints alleging unlawful employment practices in violation of Chapter 21 "must be filed within 180 days after the date the alleged practice occurred."). Correspondingly, any complaints based on events Chen alleges took place in 2012,[30] 2016,[31] 2017,[32] and 2018, cannot, as a matter of law, be the subject of a timely charge of discrimination filed in December 2025, either under Title VII or Texas law. *See* 42 U.S.C. §2000e-5(e)(1); *Huckabay*, 142 F.3d at 238; TEX. LAB. CODE §21.202(a); *Schroeder*, 813 S.W.2d at 486. Likewise, although Chen fails to plead when he claims BCM and/or Rosengart (a) prevented him from speaking at meetings, (b) prevented him from presenting research at BCM's annual Research Day Symposium or at Grand Rounds in the Department of Surgery, (c) took lab space away from Chen, and (d) removed Chen's endowed chair title and endowment fund, these claims are identical to his claims in the 2022 Lawsuit.[33] Because each of these claims had to arise prior to 2022, all of them are similarly untimely here. *See* 42 U.S.C. §2000e-5(e)(1); *Huckabay*, 142 F.3d at 238; TEX. LAB. CODE §21.202(a); *Schroeder*, 813 S.W.2d at 486.

Chen also refers to a single event—another alleged reduction in his salary—which he contends occurred "in 2025."[34] But Chen fails to identify when he first learned of this action or when it occurred and has not demonstrated that it could have been the timely subject of the charge of discrimination he states he submitted to the EEOC on December 22, 2025.[35] Therefore, he has failed to plead facts establishing that his December 2025 charge was timely as to this

---

30 Doc. No 1-3 at ¶¶12-15.
31 Doc. No 1-3 at ¶18.
32 Doc. No 1-3 at ¶19.
33 *Compare* Ex. 1 at ¶¶10, 15, 16, 18 *and* Doc. No 1-3 at ¶¶10, 15, 16, 23. In fact, Chen admitted in the 2022 Lawsuit that all of these complaints related to decisions made by BCM and executed between 2018 and early 2021. *See* Ex. 2 at 8-9.
34 Doc. No 1-3 at ¶21.
35 Doc. No 1-3 at ¶69.

allegation. *See Mauldin v. Lockheed Martin Corp.*, No. 4:18-cv-00552-O, 2018 WL 11470427, at *6 (N.D. Tex. Dec. 11, 2018) (dismissing hostile work environment claim because plaintiff did not allege when the alleged misconduct took place and allegations were conclusory); *Hernandez v. Mapei Corp.*, No. 3:17-CV-3515-N-BK, 2018 WL 4189710, at *2 (N.D. Tex. Aug. 10, 2018), *report and recommendation adopted*, 2018 WL 4184921 (N.D. Tex. Aug. 31, 2018). Chen's failure to timely exhaust the claims he attempts to raise here provides the Court an additional, independent basis to dismiss his claims;[36] however, even if his averment was sufficient to show he timely exhausted his remedies as to this claim, Chen failed to plead other facts—the effective date of the alleged action, the alleged decisionmaker, or any factual basis tying the act to any protected status or protected activity in which he claims to have engaged—that could plausibly form the basis of a Title VII or Chapter 21 claim. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (a complaint that does "not allege any facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin" is subject to dismissal under Rule 12(b)(6)); *see also Twombly*, 550 US. at 555; *Iqbal*, 556 U.S. at 678 (a complaint may be dismissed where factual allegations consist of little more than a "threadbare recitals of the elements" or "mere conclusory statements."). Even if the Court determines that claim is timely, it should nonetheless be dismissed.

c. <u>Chen Failed to Comply with the Jurisdictional Requirement under Texas Law to Timely File Suit and Serve Notice of His Claims.</u>

Further, Chen fails to state a claim against BCM for which relief may be granted with respect to his Texas law-based claims because he failed to comply with the timing requirements

---

[36] Chen's failure to comply with Chapter 21's timing requirements is an additional jurisdictional bar to his attempt to bring these claims here. *See, e.g.*, *Schroeder*, 813 S.W.2d at 488 ("[F]ailure to file a complaint and to pursue…administrative remedies with the Commission creates a jurisdictional bar" to a plaintiff's claims), *overruled on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W3d 299 (Tex. 2010); *Barr v. Stripes L.L.C.*, No.21-20278, 2022 WL 1044695, at *4 (5th Cir. Apr. 7, 2022) (per curiam) (citing *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam)).

set forth in Chapter 21. A party alleging a violation of Chapter 21 must bring a civil action against the party named in his administrative charge within 60 days of his receipt of the notice of the right to sue. *See* TEX. LAB. CODE § 21.254. Critically, under Chapter 21, the party must not only file suit but also serve the defendant with process within this 60-day period. *Roberts v. Padre Island Brewing Co., Inc.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi-Edinburg 2000, pet. denied) ("[W]e conclude that the sixty day period, under section 21.254 of the Texas Labor Code, is the applicable period of limitations for the purpose of service of process.") (emph. added); *see also Garcia v. Aramark Correctional Servs.*, No. 3:07-cv-00444, 2008 WL 7627809, at *2 (S.D.Tex. 2008). When a plaintiff fails to file suit and serve a defendant with process within the limitations period established in Chapter 21, dismissal of the claim is proper. *Univ. of Tex.—MD Anderson Cancer Center v. Porter*, No. 14-17-00107-CV, 2017 WL 5196146, **2, 4; *see also Harris Center for Mental Health and IDD v. McLeod*, No. 01-20-00838-CV, 2022 WL 1632173, *4 (Tex. App.—Houston [1st] May 24. 2022) (citing cases).

Here, Chen pleads a right-to-sue notice was issued to him by the Texas Workforce Commission on January 30, 2026.[37] Sixty days from that date was March 31, 2026. However, Chen failed to serve BCM with process until April 28, 2026, four weeks later. When a plaintiff files his lawsuit within the limitations period but does not serve the defendant until after the limitations period has expired, his suit is time-barred unless he proves diligence in effecting service during the limitations period. *Milcoun v. Werner Co.*, 565 S.W.3d 358, 362 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The existence of due diligence is determined by a two-prong test: (1) whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances; and (2) whether he acted diligently up until the time the defendant was served. *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.]

---

[37] Doc. No 1-3 at ¶72.

1993, writ denied); *Liles v. Phillips*, 677 S.W.2d 802, 809 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.). A plaintiff lacks diligence as a matter of law where he provides no valid excuse for lack of service, or if the lapse of time and the plaintiff's acts, or inaction, conclusively negate diligence. *Hansler v. Mainka*, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no writ). Chen cannot demonstrate that he acted with any diligence, let alone reasonable diligence, in this case. Rather, the record reflects that while Chen filed this lawsuit on March 31, 2026 (the very last day he could do so) and although he requested the citation on the same day, he waited for <u>twenty-eight days</u> to effect service on BCM. Texas courts have repeatedly held that this gap in time is sufficient to establish a lack of diligence. *See, e.g.*, *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 48-50 Tex. App.—San Antonio 1999, pet. denied) (no reasonable diligence as a matter of law where there was a 25-day gap between the expiration of limitations and service of citation); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied) (same conclusion, 21-day gap); *Mauricio v. Castro*, 287 S.W.3d 476, 479-80 (Tex. App.—Dallas 2009, no pet.) (same conclusion, 31-day delay). There is no "presumption of diligence" under Texas law, nor should any such presumption be available to Chen in this matter. The evidence here is clear: Chen and his attorneys—the same attorneys who represented him in the 2022 Lawsuit—failed to exercise diligence in filing and serving this lawsuit, which is a blatant attempt to re-litigate his claims from the 2022 Lawsuit. That lack of diligence is fatal to his Texas law claims. They should be dismissed.

## IV.
## <u>CONCLUSION</u>

For these reasons, Defendant Baylor College of Medicine respectfully prays that the Court grant this motion and:

1. Dismiss with prejudice all claims based on alleged conduct occurring on or before January 24, 2025, as barred by claim preclusion and/or issue preclusion;

2. Dismiss Chen's Title VII and Chapter 21 claims to the extent they are barred by his failure to timely exhaust administrative remedies and all of Chen's Chapter 21 claims as filed and served outside Chapter 21's mandatory and jurisdictional requirements;

3. To the extent Chen asserts any claims based on an alleged post-June 2025 pay action, dismiss those claim for failure to state a claim upon which relief may be granted; and

4. Grant Defendant Baylor College of Medicine all such other and further relief to which it may be justly entitled.

Dated: May 22, 2026

Respectfully submitted,

*/s/ Katherine E. Flanagan*

Katherine E. Flanagan (*attorney in charge*)
State Bar No. 00788945
kflanagan@littler.com
Nathan Prihoda
State Bar No. 24068070
Federal ID No. 2724081
nprihoda@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400
713.951.9212 (Fax)

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 22, 2026, a true and correct copy of the foregoing was filed using the Court's ECF system and was served via certified mail, return receipt requested, as follows:

Melissa Moore
Curt Hesse
MOORE & ASSOCIATES
440 Louisiana Street, Suite 110
Houston, Texas 77002
melissa@mooreandassociates.net
curt@mooreandassociates.net

ATTORNEYS FOR PLAINTIFF

*/s/ Nathan Prihoda*
Nathan Prihoda