# EXHIBIT 1

CAUSE NO. 202241407

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: TRACKING NO: 74025507

| | |
|---|---|
| Plaintiff:<br>CHEN, CHANGYI "JOHNNY" (M D)(PH D)<br>vs.<br>Defendant:<br>BAYLOR COLLEGE OF MEDICINE | In The 269th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

**CITATION CORPORATE**

**THE STATE OF TEXAS**
**County of Harris**

**To: BAYLOR COLLEGE OF MEDICINE (NONPROFIT CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT JAMES BANFIELD**
**ONE BAYLOR PLAZA SUITE 106A, HOUSTON TX 77030**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on July 11, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on July 12, 2022, under my hand and seal of said court.

Issued at the request of:

Moore, Melissa Ann
440 LOUISIANA 675
HOUSTON, TX 77002
713-222-6775
Bar Number: 24013189

DISTRICT COURT OF HARRIS COUNTY TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CHANDRA LAWSON

Zachary Thibodeaux
PSC-13486 EXP 2/28/2024
7/25/2022 @12:10 p.m.

Tracking Number: 74025507

**CAUSE NUMBER: 202241407**

| | |
|---|---|
| **PLAINTIFF: CHEN, CHANGYI "JOHNNY" (M D)(PH D)** | **In the 269th** |
| **vs.** | **Judicial District Court of** |
| **DEFENDANT: BAYLOR COLLEGE OF MEDICINE** | **Harris County, Texas** |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _______ o'clock ___. M. on the _________ day of ________________________, 20_____. Executed at

(Address)__________________________________________________________________________________________
in

____________________ County at o'clock ____. M. On the _________ day of ________________________, 20_____, by

Delivering to ________________________________________________defendant, in person, a true copy of this Citation together with the accompanying ______ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _______________day of _________________________________, 20.

Fees $_________________________

_____________________________________________ By_______________________________________

Affiant Deputy

On this day, ____________________________________________________, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this ______ day of _________________________________, 20__.

__________________________________________

Notary Public

7/11/2022 4:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66206637
By: Chandra Lawson
Filed: 7/11/2022 4:31 PM

2022-41407 / Court: 269

No. ______________

| | | |
|---|---|---|
| CHANGYI "JOHNNY" CHEN, M.D., PH.D., | § | |
| | § | |
| *Plaintiff(s)*, | § | |
| | § | _____ DISTRICT COURT |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BAYLOR COLLEGE OF MEDICINE, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiff Changyi "Johnny" Chen, M.D., Ph.D. (referred to as "Chen") files this original petition against Defendant Baylor College of Medicine (referred to as "BCM") and alleges as follows:

### I. Discovery Control Plan

1. Chen intends that discovery be conducted under Level 2 of Rule 190 and affirmatively pleads that this suit is not governed by the expedited-actions process in Rule 169 because he seeks monetary relief over $250,000. *See*, Tex. R. Civ. P. 169(a), 190 cmt. 2, 190.3.

### II. Relief

2. Chen seeks monetary relief over $1,000,000. *See*, Tex. R. Civ. P. 47(c)(4).

## III. Parties

3. Plaintiff Changyi "Johnny" Chen, M.D., Ph.D is an individual who resides in Harris County, Texas.

4. Defendant Baylor College of Medicine is a Texas nonprofit corporation that resides in Harris County, Texas and that may be served with process by serving its registered agent:

James Banfield
One Baylor Plaza, Suite 106A
Houston, Texas 77030

Alternatively, if the registered agent of BCM cannot with reasonable diligence be found at its registered office, BCM may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code § 5.251; Tex. Civ. Prac. & Rem. Code § 17.026.

## IV. Jurisdiction

5. The Court has subject-matter jurisdiction over this lawsuit because the damages Chen seeks are within the jurisdictional limits of this Court.

6. The Court has personal jurisdiction over BCM because it resides in Texas.

## V. Venue

7. Venue is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to Chen's claims occurred in Harris County, Texas. *See*, Tex. Civ. Prac. & Rem. Code § 15.002(a)(1).

## VI. Facts

8. Chen is a tenured professor in BCM's Department of Surgery; he has worked at BCM since 2002.

9. For years—up to and including the present—BCM has discriminated against Chen because of his race (Asian) and because of his national origin (Chinese).

10. The discrimination has taken many forms, including the reduction of Chen's pay and rescinding his appointments to: (1) the Molecular Surgery Endowed Chair, (2) Vice Chair of Research, (3) Chief of Division of Surgical Research and (4) Director of the Michael E. DeBakey Department of Surgery Basic Science and Transitional Lab.

11. In fact, Chen's treatment got worse—not better—after he complained about his discriminatory treatment.

12. The discrimination began in 2012, during an interview with Dr. Todd Rosengart.

13. During the interview, Dr. Rosengart did not want to speak to Chen because he was Chines.

14. Later that same year, Dr. Rosengart in fact removed Chen from a leadership position because he spoke English with a Chinese accent.

15. During faculty meetings, Dr. Rosengart also prevented Chen from speaking because of his Chinese accent and, for related reasons, refused to let him present his reach at BCM's annual Research Day Symposium or at the Grand Round in the Department of Surgery.

16. Dr. Rosengart also took lab space away from Chen and/or preferred non-Asians and non-Chinese nationals when assigning office space.

17. Additionally, Dr. Rosengart reduced Chen's salary, despite his many research accomplishments, several times (for example, from $260,000 in 2016 to $150,000 in 2018), and he has deprived Chen of other sums to which he is entitled.

18. Dr. Rosengart wanted to remove Chen's endowed chair title and endowment fund and has deprived Chen of his right to access and manage the endowed chair income for more than 8 years, even though non-Asians and non-Chinese nationals in similar positions are permitted to do so.

19. Other Asians and Chinese nationals have similarly been discriminated by Dr. Rosengart and BCM; many of them were ultimately forced to leave due to an unsupportive work environment and discrimination in the workplace.

20. After Chen complained about the discrimination, it continued—in fact, it got worse.

21. Chen has been discriminated against because of his race (Asian) and his national origin (Chinese), and he has been retaliated against because he engaged in protected activity (complaining about race and national origin discrimination).

## VII. Count One—Race Discrimination in Violation of Tex. Labor Code § 21.051

22. Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

23. "An employer commits an unlawful employment practice if because of race[] ... the employer[] ... discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]" Tex. Labor Code § 21.051(1).

24. Among other things, BCM reduced Chen's pay because of his race (Asian).

25. As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## VIII. Count Two— National Origin Discrimination in Violation of Tex. Labor Code § 21.051

26. Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

27. "An employer commits an unlawful employment practice if because of ... national origin[] ... the employer[] ... discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]" Tex. Labor Code § 21.051(1).

28. Among other things, BCM reduced Chen's pay because of his national origin (Chinese).

29. As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## IX. Count Three—Retaliation in Violation of Tex. Labor Code § 21.055

30. Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

31. "An employer commits an unlawful employment practice if the employer[] … retaliates or discriminates against a person who[] … (1) makes or opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, participates in any manner in an investigation, proceeding, or hearing." Tex. Labor Code § 21.055.

32. BCM retaliated against Chen by making further reductions in his pay and by, among other things, taking away lab space because he complained about BCM's discriminatory practices.

33. As a result of BCM's unlawful conduct, Chen has suffered and will continue to suffer damages in the form of back pay, front pay, lost fringe benefits, compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## X. Exemplary Damages

34. Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

35. BCM engaged in unlawful discrimination and retaliation with malice and with reckless indifference to Chen's rights; the Court should therefore award exemplary damages against BCM in an amount appropriate to deter similar future misconduct.

## XI. Attorney's Fees

36. Chen adopts by reference all of the facts set forth above. *See*, Tex. R. Civ. P. 58.

37. Chen is entitled to recover reasonable and necessary attorney's fees by statute. *See*, Tex. Labor Code § 21.259.

38. Chen has retained the professional services of the undersigned attorneys.

39. Chen has complied with the conditions precedent to recovering attorney's fees.

40. Chen has incurred or may incur attorney's fees in bringing this lawsuit.

41. The attorney's fees incurred or that may be incurred by Chen were or will be reasonable and necessary.

## XII. Jury Demand

42. Chen demands a trial by jury on all issues triable to a jury and tender the appropriate fee. Tex. R. Civ. P. 216.

## XIII. Administrative Prerequisites

43. On October 12, 2021, Chen filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission. *See*, 40 Tex. Admin. Code § 819.71; *see also*, *Vielma v. Eureka Co.*, 218 F.3d 458, 461 (5th Cir. 2001).

44. On May 12, 2022, Chen received a notice of the right to file a civil action from the Texas Workforce Commission.

45. Chen brought this action within 60 days of receiving the notice of the right to file a civil action.

46. Chen has exhausted all administrative prerequisites to bringing this action.

## XIV. Conditions Precedent

47. All conditions precedent to Chen's claim(s) for relief have been performed or have occurred. *See*, Tex. R. Civ. P. 54.

## XV. Objection to Associate Judge

48. Chen objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## XVI. Request for Record

49. In accordance with Tex. Gov't Code § 52.046(a), Chen requests that an official court reporter:

a. attend all sessions of the court;

b. take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

c. take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the

arguments, court rulings and remarks on the objections, and exceptions to the rulings;

d. preserve the notes for future reference for three years from the date on which they were taken; and

e. furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by Tex. Gov't Code ch. 52.

50. Chen objects to any proceedings in this case being conducted without an official court reporter.

## XVII. Prayer

51. For these reasons, Chen asks that the Court issue citation for BCM to appear and answer, and that he be awarded a judgment against BCM for the following:

a. direct or general damages;

b. back pay, plus prejudgment interest as provided by law, from the date of the adverse employment action until the date of judgment;

c. an award of the present value of front pay due to him for a reasonable period following the date of the judgment, calculated as of the date of judgment;

d. additional compensatory damages in an amount within the jurisdiction of this court;

e. exemplary damages against BCM in a sum determined by the trier of fact;

f. all prejudgment and postjudgment interest allowed by law;

g. attorney's fees;

h. court costs; and

i. all other relief to which Chen is entitled.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: ______________________
Melissa Moore
Tex. Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**